```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

BRUCE C. WRINKLE,
etc.,

        Plaintiff,

v.                               CASE NO. 8:04-CV-391-T-17EAJ

PAULA K. STEVENS, etc.,
et al.,

        Defendants.

_____/
```

ORDER

This cause is before the Court on:

Dkt. 41  Second Amended Complaint
Dkt. 46  Motion to Dismiss Second Amended Complaint
Dkt. 47  Memorandum
Dkt. 51  Response
Dkt. 56  Emergency Motion to Dismiss
Dkt. 59  Emergency Motion to Dismiss
Dkt. 64  Emergency Motion to Dismiss
Dkt. 65  Response
Dkt. 67  Motion to Dismiss

The Second Amended Complaint in this case includes a claim for violation of Section 10(b), 15 U.S.C.A. Sec. 78j(b) and Rule 10(b)5, 17 C.F.R. Sec. 240.10b-5. Plaintiff alleges that Defendants knowingly engaged in schemes, conspiracies and a course of conduct to operate a fraud on Plaintiff in connection with the sale of securities. Plaintiff further alleges that Defendant have violated Section 10(b) and Rule 10(b)5 by disseminating or approving false statements in connection with the scheme to defraud, which were misleading in that the statements contained misrepresentations and failed to disclose material facts necessary in order to make the statements not

misleading, in light of the circumstances under which the statements were made.

Dkt. 46 Motion to Dismiss
Dkt. 47 Memorandum
Dkt. 51 Response

Defendants request dismissal with prejudice on the basis of the statute of limitations. Defendants also request dismiss for failure to state fraud with particularity.

A.   Statute of Limitations

Defendants argue that a cause of action for securities fraud under 10(b) must be brought within one year of discovery of the facts constituting the violation. This case was filed on March 2, 2004. Defendants cite Theoharous v. Fong, 256 F.3d 1219, 1228 (11th Cir. 2001).

The Court has granted judicial notice of certain documents in connection with the statute of limitations, which documents establish the discovery date by Plaintiff, September 2002, as to any alleged fraud (Dkt. 69, as to Dkt. 48).

Plaintiff responds that this case is not barred by the applicable statute of limitations, 28 U.S.C. Sec. 1658, which states that a private action may be brought no later than the earlier of two years after the discovery of the facts constituting the violation, or five years after such violation.

Any complaint filed after July 30, 2002, the effective date of 28 U.S.C. Sec. 1658, is timely if it is filed within two years of the date of discovery of the alleged violation. See Tello v.

Case No. 8:04-CV-391-T-17EAJ

<u>Dean Witter Reynolds, Inc.</u>, 410 F.3d 1275 (11th Cir. 2005). Defendants establish that the discovery date is September 12, 2002, after the effective date of 28 U.S.C. Sec. 1658. After consideration, the Court **denies** the Motion to Dismiss as to the statute of limitations.

B.  Failure to Plead Fraud with Particularity

Defendants argue that Plaintiff has not alleged scienter, has not identified the misrepresentation, has not identified the time, place and person responsible as to the alleged misrepresentation, or the manner in which the statement misled the plaintiff.

Plaintiff responds that the Court is required to harmonize the requirements of Rule 8 and Rule 9, and Plaintiff has attached documents to the Complaint which comply with Rule 9.

The Court has noted that with advent of electronic filing, many lawyers have adopted the practice of attaching fifty pages of exhibits to every pleading filed. Nevertheless, the Court does not believe it is a tremendous burden to require a brief statement within the Complaint of the basic "who, what, where, when, how and why." After consideration, the Court grants the Motion to Dismiss, with leave to file an Amended Complaint within ten days which includes the basic requirements.

The Court denies the Motion to Dismiss in part, and grants the Motion to Dismiss in part, as set forth above.

Case No. 8:04-CV-391-T-17EAJ

III.  Dkt. 56 Emergency Motion to Dismiss
      Dkt. 59 Emergency Motion to Dismiss
      Dkt. 64 Emergency Motion to Dismiss
      Dkt. 67 Motion to Dismiss

The Court has granted leave to file a Third Amended Complaint, and directs the parties to file a new case management report within thirty days of the filing of the Third Amended Complaint.

After consideration, the Court **denies** all Motions to Dismiss.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of February, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record